# SUPERIOR  COURT

Aristo  Hosiery  Co.,  Inc.  
       vs.        Eq.No.6758  
John  D.  Ramsbottom  et  al

### RESCRIPT

January  29,  1925

TANNER,  P.  J.  This  case  is  heard upon  demurrer  to  a  bill  in  equity which  seeks  to  set  aside  a  mortgage upon  the  greater  portion  of a  stock  in trade  given  as  security  for  an  antecedent  debt.  It  is  sought  to  set  this mortgage  aside  as  being  in  contravention  of  the  Sales  of  Merchandise  in Bulk  Act,  Chapter  311  General  Laws, 1923.

No  notice  was  given  as  required  by statute.  The  whole  question  in  the case  is  whether  or  not  a  mortgage  of the  majority  part  in  value  of  the whole  stock  of  the  mortgagor  amounted  to  a  sale  under  the  act.

The  weight  of  authority  seems  to be  that  such  a  transaction  is  not  a sale  within  the  act.  It  is  sought  to nullify  the  effect  of  some  of  the  decisions  upon  the  ground  that  in  the States  where  made  mortgages  do  not pass  the  title  to  property  and  constitute  only  a  lien,  and  that  in  this State  mortgages  do  pass  the  legal title,  but  it  seems  to  us  that  a mortgage  which  passes  legal  title does  not  thereby  constitute  a sale.  In  all  the  authorities  we  have examined  a  sale  transfers  the  absolute  property  and  must  be  distinguished  from  a  mere  legal  title  subject  to  defeasance,  as  is  the  case  with a  mortgage.

"A  sale  includes  the  transfer  of  absolute  property  in  the  thing."

35  Cyc.  28.

"A  sale  is  to  be  distinguished  from a  chattel  mortgage,  which  is  a  transfer  of  title  to  personal  property  as security  for  the  payment  of  money or  the  performance  of  some  act  subject  to  the  condition  that  upon  performance  by  the  transferrer  the  title shall  re-vest  in  him."

35  Cyc.  p.  34,  Note  5.

"A  security  title  *  *  *  requires a  careful  discrimination  from  absolute  sales."

1st  Williston  on  Sales  13.

"Provisions  of  the  Sales  Act  relating  to  contracts  to  sell  and  to  sales do  not  apply,  unless  so  stated,  to  any transaction  in  the  form  of  a  contract to  sell  or  a  sale  which  is  intended  to operate  by  way  of  mortgage,  pledge, charge  or  other  security."

2nd  Williston  on  Sales,  p.  1554, Sec.  75.

Other  text  books'  definitions  are  to the  same  effect.

It  is  argued  that  to  omit  mortgages  from  the  operation  of  the statute  would  open  an  easy  way  to fraud,  but  it  may  be  that  the  Legislature  thought  that  creditors  were protected  in  the  matter  of  mortgages by  the  other  provisions  of  the  statute, which  require  a  record  of  the  mortgage  within  five  days,  thus  giving creditors  a  speedy  notice  and  opportunity  to  contest  the  validity  of  the mortgage.  Mortgages  usually  leave the  property  in  the  possession  of  the mortgagor,  while  creditors  can  protect  their  rights,  but  an  absolute  sale would  permit  the  buyer  to  remove  the goods  at  once  and  place  them  beyond the  reach  of  creditors.  Even  if  the necessity  of  including  mortgages  in the  operation  of  the  statute  were more  apparent  than  it  is,  we  should still  feel  that  we  were  not  at  liberty to  extend  the  operation  of  the  statute but  should  leave  this  to  the  Legislature.

For  these  reasons  we  feel  that  the demurrer  must  be  sustained.

For  Complainant:  E.  C.  Stiness, D.  H.  Morrissey  and  F.  J.  O'Brien.

For  Respondents:  Edwards  &  Angell  and  Lee  &  McCanna.